UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RODNEY CRUMBSIE, <br><br> Plaintiff, <br><br> vs. <br><br> LIFE TIME FITNESS, INC., <br><br> Defendant. | Case No. 1:16-cv-4255-SCJ-RGV |

**DEFENDANT'S PARTIAL MOTION TO DISMISS COUNT I OF PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT**

COMES NOW, Defendant Life Time Fitness, Inc. ("Defendant" or "Life Time"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and respectfully moves the Court to partially dismiss Plaintiff's Complaint. Plaintiff's claim for retaliation against Defendant (Count I) should be dismissed with prejudice because:

1. Plaintiff's 84 paragraph complaint fails to allege any "protected activity." Plaintiff's Complaint is devoid of any allegations he complained about conduct made unlawful by the Age Discrimination in Employment Act ("ADEA"); and

1

2. Plaintiff cannot cure his failure to plead a "protected activity" as his Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC") did not contain any allegation he complained of conduct made unlawful by the ADEA. As a result, any such claim now is outside the scope of Plaintiff's Charge.

Therefore, Plaintiff's Complaint fails to allege any claim against Defendant upon which relief can be granted for retaliation, and Count I should be dismissed. In support of this Motion, Defendant provides the following Memorandum of Law.

## I.   **INTRODUCTION**

Plaintiff was initially hired by Defendant as a Front Desk/Member Services Supervisor on March 20, 2012. *See* Complaint, ¶ 6. On November 21, 2015, Defendant rehired Plaintiff for the same position. *Id.* at ¶ 7. The only complaints that Plaintiff alleges he made to Defendant in the Complaint prior to having his hours cut back (the only alleged adverse employment action) are:

1) On or about March 30, 2016, Plaintiff reported to Andrew Brook, the General Manager of the club, that Elizabeth Gibson (Member Services Department Head) had a bottle of wine on her desk behind her computer. *Id.* at ¶¶ 15, 49.

2) On or about March 17, 2016, Plaintiff reported to Mishkat Lightwala that Gibson interrogated him regarding a facebook post, which Plaintiff concedes "had nothing to do with either Life Time or its employees." *Id.* at ¶¶ 46-47.

Plaintiff alleges that his hours of work were cut because of these "two incidents of reporting." *Id.* at ¶ 16.

These allegations are the entirety of Plaintiff's alleged "complaints" referred to in his Complaint. None of these allegations constitute a "protected activity" under the ADEA as Plaintiff never complained about any conduct made unlawful by the ADEA. His complaints were about a manager having a wine bottle on her desk and about his personal life being questioned at work. Without a "protected activity," Plaintiff fails to state a claim for which relief can be granted under the ADEA for retaliation. For this reason, Count I of Plaintiff's Complaint should be dismissed.

Plaintiff's retaliation claim should be dismissed with prejudice since his failure to allege a "protected activity" cannot be cured. Plaintiff did not allege that he complained about any conduct made unlawful under the ADEA in his EEOC Charge. Therefore, any such allegation made now in an Amended Complaint would be outside the scope of Plaintiff's Charge.

## II.  ARGUMENT AND AUTHORITY

### A. Standard of Review for Dismissal

A complaint is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not "state a claim upon which relief can be granted." Dismissal must be granted if a complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570, 127 S. Ct. 1955, 1974 (2007).  To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 555.  Under the *Twombly* standard, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*.  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  The Supreme Court has further defined the new standard as follows:

> The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation. . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 129 S. Ct. at 1949-50 (internal punctuation and citations omitted).  In *Iqbal*, the Supreme Court further explained:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as

4

true, we are not bound to accept as true a legal conclusion couched as a factual allegation.

*Id*.

### B. Plaintiff Has Not Set Forth a Viable Retaliation Claim.

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *See Crawford v. Winter,* 2008 U.S. Dist. LEXIS 60002 at *4 (M.D. Fla. 2008)[1] (citing *Neitzke v. Williams,* 490 U.S. 319, 326 (1989) and *Brown v. Crawford County, Ga.,* 960 F.2d 1002, 1009-10 (11th Cir. 1992)) ("Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief").

To establish a claim for ADEA retaliation, Plaintiff must plead facts to show: (1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally related to the protected activity. *See Harper v. Blockbuster Entertainment Corp.,* 139 F.3d 1385, 1388 (11th Cir. 1998). Assuming for purposes of this motion only that Plaintiff has sufficiently alleged the second and third elements, he has failed to allege that he engaged in a "protected activity," and for that reason his Complaint should be dismissed.

---

[1] All unpublished decisions cited herein are attached as Exhibit A.

With regard to sufficiently alleging the "protected activity" element of a *prima facie* case of retaliation, federal courts have made clear that, "[a]lthough courts liberally construe the provisions of [the ADEA] … the opposed conduct must fall squarely within the protection of [the ADEA] to sustain a claim of unlawful retaliation." *Learned v. City of Bellevue*, 860 F.2d 928 (9th Cir. 1988); *Coutu v. Martin County Bd. Of Educ.*, 47 F.3d 1068, 1074 (11th Cir. 1995); *Aldridge v. Tougaloo College*, 847 F. Supp. 480 (S.D. Miss. 1994) (finding no statutorily protected activity where the complainant's grievance does not protest sex discrimination but, instead, complains of other alleged unfair treatment in the workplace). General complaints about harsh or unfair treatment do not constitute protected activity." *See Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1187 (11th Cir. 1984) (the federal discrimination laws are "not a shield against harsh treatment in the workplace."); *see also, Barber v. CSX Distrib. Serv.*, 68 F.3d 694, 702 (3d Cir. 1995) ("A general complaint of unfair treatment does not translate into a charge of illegal. . . discrimination").

A retaliation claim under the ADEA must be predicated upon an employment practice made unlawful *by the statute* itself. *See Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1187 (11th Cir. 1997) (noting retaliation claim requires opposition to a "practice which violates Title VII"); *Corfu v. Martin Cty. Bd. of Comms.*, 47 F.3d 1068, 1074 (11th Cir. 1995) (noting mistreatment "absent discrimination [on a

protected basis] . . . is not an unlawful employment practice"); *Barber v. CSX Transp.*, 68 F.3d 694, 702 (3d Cir. 1995) ("[a] general complaint of unfair treatment does not translate into a charge of illegal . . . discrimination").

Plaintiff's Complaint is entirely devoid of any allegation that he complained about conduct made unlawful by the ADEA. The only complaints alleged in the Complaint are about a manager's bottle of wine and about a facebook post that Plaintiff concedes is unrelated at all to his employment. Neither of these complaints have anything to do with Plaintiff's age. Thus, neither the pleadings, nor any other document relevant to the claims in this matter, provide the factual enhancement necessary to show Plaintiff could establish an essential element of his retaliation claim.

Accordingly, none of the alleged facts suggest that Plaintiff engaged in some form of statutorily protected expression. In the absence of such allegations, Plaintiff has not pled a viable claim for retaliation. *See Hopkins v St. Lucie County Sch. Bd.*, 399 Fed. App'x 563, 566-567 (11th Cir. 2010) (affirming dismissal of *pro se* plaintiff's retaliation claim, finding insufficient allegations to establish protected activity); *Brown v. Costco Wholesale Corp.*, 2009 U.S. Dist. LEXIS 119207, at * 6-7 (D. Md. Dec. 17, 2009) (holding dismissal proper because the plaintiff alleged no facts to support protected activity element).

Plaintiff's Complaint fails to allege a protected activity as defined by the ADEA. As such, his own words demonstrate Plaintiff cannot establish an essential element of his retaliation claim. Accordingly, the claim is not viable and should be dismissed.

### C. Plaintiff should not be permitted to amend his Complaint to allege a "protected activity"

The Court should dismiss Plaintiff's retaliation claim with prejudice. The Court may properly deny leave to amend the complaint under Rule 15(a) when amendment would be "futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (2004). An amendment is considered "futile" when "the complaint as amended is still subject to dismissal." *Id.* at 1263.

Amending the Complaint will not change the fact that Plaintiff failed to assert any complaint about differential treatment based on his age as part of his EEOC Charge, and thus, failed to exhaust the administrative prerequisites to his claims. Plaintiff's EEOC Charge contains the same allegation about his complaint that he "did not appreciate my personal life being questioned at work." *See* EEOC Charge of Discrimination, attached as Exhibit B.[2] The Charge does not contain any

---

[2] A document such an EEOC charge may be attached to a motion to dismiss and considered by the court without converting the motion into one for summary judgment if the document is central to the plaintiff's claim and undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). "Undisputed" in this context means that the authenticity of the document is not challenged. *Id.* In this case, Plaintiff's EEOC charge is central to his ADEA claims because it is an administrative

8

reference to the wine bottle. *Id.* Therefore, permitting Plaintiff the opportunity to amend his Complaint would be futile as any alleged "protected activity" would be outside the scope of Plaintiff's EEOC Charge.[3]

## III. CONCLUSION

Plaintiff has failed to meet his pleading obligations to allege a "protected activity" under the ADEA. Thus, for all of the foregoing reasons, Count I of Plaintiff's Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

DATED this 29th day of November, 2016.

Respectfully submitted,

*/s/ Eric Magnus*
Eric R. Magnus
JACKSON LEWIS P.C.
Georgia Bar No. 801405

---

perquisite and the authenticity of the attached document is not in dispute. Paragraph 4 of Plaintiff's Complaint specifically alleges that "[a]ll administrative remedies and conditions precedent have been exhausted, and this lawsuit is filed within 90 days of the EEOC's issuance of a right to sue letter to Plaintiff." Because the EEOC Charge and Notice of Right to Sue were referenced in the Complaint, the Court may properly consider these documents on a motion to dismiss, since they are referenced in and/or attached to Plaintiff's complaint and are not in dispute. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

[3] An ADEA plaintiff's lawsuit is limited to the allegations set forth in his EEOC Charge and cannot encompass any facts or issues that do not relate to the subject matter of the underlying charge. *See Gregory v. Georgia Dept. of Human Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004) (explaining that "a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination").

                        1155 Peachtree Street NE
                        Suite 1000
                        Atlanta, Georgia 30309-3600
                        Phone: (404) 525-8200
                        Fax: (404) 525-1173
                        magnuse@jacksonlewis.com

                        Attorney for Defendant Life Time Fitness, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RODNEY CRUMBSIE ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 1:16-cv-4255- SCJ -RGV |
| LIFE TIME FITNESS, INC., ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing **DEFENDANT'S PARTIAL MOTION TO DISMISS COUNT I OF PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT** using the Court's ECF system which will automatically serve the following counsel of record for Plaintiff:

> Kurt R. Hilbert
> THE HILBERT LAW FIRM, LLC
> 205 Norcross Street
> Roswell, Georgia 30075
> khilbert@hilbertlaw.com

> */s/ Eric Magnus*
> Eric R. Magnus
> Georgia Bar. No. 801405

4839-7807-3405, v. 1